## Miller et al. v. Miller et al.

*W. B. Eilenberger* and *David Skillman*, for plaintiffs.
*Frank B. Holmes* and *C. C. Shull*, contra.

SHULL, P. J., January 29, 1931.—This matter is before us on preliminary objections to defendants' answer.

"On exceptions to the sufficiency of an answer in equity, the inquiry is whether the respondent's answer has the completeness of discovery of a full and proper response to the especial facts which the complainant has by his bill made the essential legal basis for his demand for relief; for the purpose of exceptions, it matters not whether the answer, as a whole, sets up a complete legal defence or not. Exceptions cannot be made to perform the functions of a demurrer to an answer or raise the question whether the answer discloses a good defence or not. All of the facts which complainant has properly made the subject of express statement in the bill must also be made the subject-matter of express and complete statement in the answer to avoid the effect of exceptions for insufficiency, when properly filed. . . . A substantive defence, not responsive to the inquiries of the bill, but consisting of new matter exclusively, is not the subject of exceptions:" Delaware, Lackawanna & Western R. R. Co. *v.* Stroudsburg, Water Gap & Portland Street Ry. Co., 6 D. & C. 237. (Quoting Alcania Co. *v.* Avonmore Land & Improvement Co. et al., 23 Dist. R. 990.)

Having this in mind, in disposing of these objections, we find the first objection based entirely on the proposition that, the defendant having admitted certain allegations in the bill, the answer does not under the law constitute a sufficient defense. The plaintiffs in this case have joined, as defendants, Frank C. Miller, Thomas T. Miller and Katherine D. Miller; consequently, in considering preliminary objections to the answer, they must be considered not only from their force and effect as the answer may relate to any one of the defendants, but as to the force and effect of the answer as it may relate to all or any one of the defendants, and even though the conclusion made by plaintiffs as to the admission by the defendants of the execution by Frank C. Miller, one of the defendants, of the grant (Exhibit A of plaintiffs' bill), and the agreement of partnership (Exhibit B), were conceded to be correct, this would not be the subject of preliminary objection to defendants' answer.

As to the second exception, we find in it no merit. Defendants' answer contains a denial in manner and form in which it is alleged, and an unequivocal assertion that the use of premises was discontinued and not continuous, as plaintiffs allege; and, further, this exception has for its basis a denial that the assertion by defendants sets up a good defense, and, so far as preliminary objections are concerned, the question of whether or not it sets up a good

448

defense is not the test; the test being whether a full and proper response to the essential facts set forth in the paragraph of plaintiffs' bill has been made in the answer.

What has been said touching defendants' first and second is equally true of defendants' third and fourth objections, and relative to the fourth, if the matter set forth in the answer is new matter, while it has not been set forth in the manner provided by the Equity Rules, still to that no objection or exception has been taken. The exception goes to the sufficiency of the defense of Thomas T. Miller and Katherine D. Miller, two of the defendants, and that, under the circumstances here, as we view it, is not properly the subject of preliminary exception nor objection to the answer.

And now, January 29, 1931, objections are dismissed.